**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff ) | **CASE NO. 1:18-CR-562** |
| ) | |
| v. ) | **JUDGE DAN A. POLSTER** |
| ) | |
| **ANTONIO W. STEWART,** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM**

Before the Court is Defendant Antonio Stewart's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, **Doc #: 33**. For the foregoing reasons, Stewart's motion is **DENIED**.

**I. Background**

On August 8, 2019, Defendant Stewart was sentenced to 70 months of imprisonment for Distribution of Marijuana, Possession with Intent to Distribute Marijuana, and Possession of Firearms and Ammunition. **Doc #: 28**. Stewart is currently held at FCI Allenwood and has a release date of August 19, 2023.[1] Defendant suffers from post-traumatic stress disorder, anxiety disorder, depressive disorder, and lung and breathing problems from a gunshot wound. He asks the Court

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 16, 2020).

1

release him immediately due to the fact that these medical conditions have life threatening consequences if he were to test positive for COVID-19.

## II. Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, 2020 WL 2610736, at *3. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[3] Here, Stewart does not document any medical conditions that pose an increased risk of severe illness from COVID-19. Stewart's medical conditions alone without any evidence that his conditions would put him at high

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Stewart has satisfied the exhaustion requirement.

[3] People of Any Age with Underlying Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 10/16/2020).

risk of having grave complications should he contract COVID-19 do not constitute extraordinary and compelling reasons in favor of a sentence reduction.

To date, 21 inmates and 11 staff have tested positive for COVID-19, and 86 inmates have since recovered at FCI Allenwood.[4] The Court notes that it is not unsympathetic to Stewart's position. His fears regarding confinement are undoubtedly legitimate. However, the Court need not now decide whether FCI Allenwood is experiencing a severe COVID-19 outbreak because even if it is, Stewart does not present any medical conditions that puts him at high risk of having grave complications should he contract COVID-19.

### B. Other Relevant Elements

Because Stewart fails the "extraordinary and compelling reasons" test, the Court need not determine 1) whether he poses a danger to others should he be released or 2) whether reduction is appropriate considering the § 3553(a) sentencing factors, pursuant to 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a). *See Hardin*, No. 1:19 CR 240. However, the Court notes that generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *See Hardin*, 2020 WL 2610736, at *4. Stewart still has approximately 34 months of his sentence left.

### III. Conclusion

For the above reasons, Stewart's Motion, **Doc #: 33**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster October 19, 2020*
**Dan Aaron Polster**
**United States District Judge**

---

[4] COVID-19 Coronavirus, Federal Bureau of Prisoners, https://www.bop.gov/coronavirus/ (last visited October 16, 2020).